# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### *Pro Se* Non-Prisoner Complaint Form

RECEIVED
USDC CLERK. GREENVILLE. SC

'2011 JUN 10  A 10: 56'

| | |
|---|---|
| *[Enter the full name of the plaintiff in this action]*<br><br>BRiDGette T. NEAL | ) Civil Action No. _____<br>)<br>) *(to be assigned by Clerk)*<br>)<br>) |
| v. | ) |
| *[Enter the full name of each defendant in this action.  If possible, please list only one defendant per line.]*<br><br>SEE PARtial List<br>ENClosed! | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

***If allowed by statute, do you wish to have a trial by jury?*** **Yes** ✓  **No** _____

*[If any answer requires additional space, please use additional paper and attach hereto.]*

## I. PREVIOUS LAWSUITS

A. *Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?*

Yes _____  No ✓

B. *If your answer to A is Yes, describe the lawsuit in the space below.  [If more than one lawsuit, describe on another sheet of paper using the same outline.]*

1. Parties to this previous lawsuit:
   Plaintiff: _____ N/A
   Defendant(s): _____
2. Court: _____

## PARTIAL LIST OF DEFENDANTS

Duke Energy, Pike Electric, **SC Public Works, USA, Public Works, Mack Pest, Gregory's Pest, Spencer Pest, ADT, TICI, REWA, Pike Electric, Greenville Water Systems, Piedmont Natural Gas, Fort Hill Natural Gas, Laurens Electric, Allstate Insurance, Geico Service Solutions, Southern Mechanics, Ashmore Brothers, Prime line Communications, Galloway Bell, Brookshire Collections, Charter Communications, Dipple Plumbing, Meridian Homes, The Blood Connection, Bowers, Ambulance Service, Terminix, Hired Killers, Scope Vehicles - Service Vehicles for the State of South Carolina Etc., Teachy, Orkin, Southern Remodel, Roto Rooter, Senior Solutions, Johnson's Towing, Westmoreland Services, PROTECT, Safelite, Easterguard, ACI/private contractor for Charter, ALTEC Simple Grimmell, All State, County and City Law enforcement Vehicles including other counties of the States, especially South Carolina,  North Carolina,  Georgia, Tennessee and Alaska thru Wyoming, South Carolina Highway Patrol, Transportation Police, SLED, FBI, and others, USA Government Vehicles, CPW, News Center 4, News Channel 7, News Channel 3, Fox News, Budweiser, Cocoa Cola, Pepsi, Cheerwine, Tru- Green Chemlawn, Prince Telecom, Invisible Fence, Trane, Mister Sparky, AT& T, Verizon, DTV, Nuvox Communications, GHA, GHS, Greenville County School Vehicles, Greenville City  Work Vehicles, Greenville Ambulance and Fire Department Vehicles, UPS, FEDEX, DSL, Quality Electric, Homes of Hope Construction, Yellow Cab, Elite Car Sales, Elite, Chastain Motor Vehicles, Family Auto Vehicles, Greenville Service Heating and Air, Roto Rooter, ABC Heat & Air, AAA, Palmetto Window, Blinds America, Southern Piping, SPC, Randalls Pool SVC, Mike Willimon Towing, Ron's Air Duct, Comfort Zone, McGowan Electric, American Lighting, Comfort Systems USA, CMS, Summit Designs, CHS, Gutter Removal, Quality on Tap Keen Electric, Primus, CMC, GS Mechanical Heating and Air, Critical Delivery, Stay Back 50 Feet, Brinks, Sears, Air Carolina, Refrigerator Services Inc., Allstate National Catastrophe Team, Blankenship, Piedmont Securities, JH Stewart, Taylors Electric, Henry Scheme Pro SVC, Jason's Plumbing, Waldrop Mechanical, Hot springs Pools and Spas, Performance Radiator, Oxner Import Auto Mall Vehicles, NAPA Auto Parts, McGee Heating and Air, S. H. Carter, TICI, Fleet Pride, Aaron's Rental, Rent a Center, Tyco-ADT, Jon Scott Contractor, SEC, Prime line Communications. United Rentals. Service Solutions, ADV. Climate Control, Rental One, ASG, Star Builder, Rain Tech, Chempro, Jennings Dill Inc., Quality Control, Carolina Heating, and Air, Dean Hunter moisture Control, Compass, Penske Riebold, Service Master, Sunbelt Rentals, Teknoforce, Gunter Heating and Air, Harper Construction, Utility Quest, Hayes & Lunsford Electric, Dutton Refrigeration, Profix, Plum Max, Excel Electric, Authorized Appliance Dealer, Authorized Commercial Service, Advanced Maint, Pilkington, State Farm, Bless Our Heart Construction, Mr. Riley's Plumbing, Watts Brothers Cable, Foushee Designs, Carolina Lease, Short-term housing, Champion, Piedmont Design Installations, Geeksquad, Clements Electrical, Poinsett Wrecker, S&L Tow, Rapid Recovery, FSI Office, Stover Mechanical, Carolina Fire Service, Priority One, Gantt Fire Department along with others in the State of South Carolina, SC Animal Control Vehicles, Free Junk Car Removal Tow Truck, Melitus Tow, Family Exterminator, Beam Vac Center, Apex Termite, ACCU Read, Lab Corp, Anderson Electric, Greenco Beverage,**

**Hawkins Tow, Paul S. Jones Home Improvement, Knight Electrical, Dutton Refrig., Tritec Inc., Integrity, Cintas, Rewa, Rewella, Cable for Less, Pro Heat, Refrigerator Services INC., Bailey's H&Air, Mainline Electric, Latina Tow, Moon and Freeman, Cousins Tow, Total Company, Holder Electric, Consolidated Utility, Johnson's Electric, Systems Integrations, SFI, Utility USA, Triplex, Oxner Landscaping, Peach Tree Pest, Greenville Pest, Gregory Electric, Sumter Utilities, #3506 Motorola, Diversified Electric, G-Five, ProSVC, SC Telco, Piedmont Electricians Service Experts, Natural Lawn of America, Forever Green Lawn Care, Anders Inc., TMC Electric, McAlister, Future Electric, Massey Electric, Corley Plumbing, & Electric, Parker Fire Department, Senior Solutions, Progressive, Geico, Poinsett Wrecker, Eldeco, Carolina Fire SVC., Sunbelt, Compass Pest, Plumb Max, McAlister Heating and Air, Excel Electric, Pilkington, Strickland Services, State Farm, Titan Pest, Consolidated Utility, Waldrop Heating and Air, Air Care, Anders Inc Heating and Air, Sharp, Hot or Cold, Dennis Comp., Total Company,  and All of Their adjoined Private and Independent Contractors.  BLE, Excel Electric, Premiere Landscape, Means Mobile Weld, 1-800-NOWLAWN, Garda, Thompson Towing, Home Team Pest Defense, Duncan Fire Department, Gantt Fire Department, Plc Prime Line, AAA Locksmith,Yellow Cab, Budget Cab, L. Hatcher Roofing, Premiere Concrete, Enviro Lawn, Climate Control, Enterprise Leasing, Carolina Building and Restoration, Terminix, Penske, We Buy Broken Phones, Oxner, Shawley's Shoreline Const, Scope Electric, Chiller Tek, Xclusive Services, Gantt Sewer, TV Inspection Unit, Utility Question, Upstate Muclch, Greenville Forensics, The Godfather Pest, Star Builder, Ogels Oxygen, Ashmore Brothers, RAM Tech, Grainger, Harrison Lighting, Robert Hall Plumbing,, Waldrop H&A, South Mechanic, Earle Furnan LLC, Tree Master, Carolina Services, Accu Read, Carolina Express Delivery, Frier Electric, Hagan Kennington, Big O'Dodge Paris Shuttle, Ryder, Centimark, Service Master, Southern Remodel, Carolina Pest, O'Shields Roofing, Carolina heating, Rennas, BEAM, Conway Freight, SWIFT Freight, Davis Electric, Triangle Construction, Cruesade-Renters,Excel Electric,THE UNITED STATES, COUNTIES AND CITIES OF ALASKA - WYOMING LED'S, SECRET POLICE, FBI, of the United States Goverment**

**Defendants.**

*(If federal court, name the district; if state court, name the county)*

3. Docket Number: _____ N/A

4. Name(s) of Judge(s) to whom case was assigned: _____

5. Status of Case: _____
   *(For example, was the case dismissed? Settled? Appealed? Still Pending?)*

6. Date lawsuit was filed: _____

7. Date of disposition (if concluded): _____

C. Do you have any other lawsuit(s) pending in the federal court in South Carolina?

   Yes _____   No ✓

## II. PARTIES

*In Item A below, place your name and address in the space provided. [If additional plaintiffs, do the same on another sheet of paper.]*

A. Name of Plaintiff: Bridgette T. Neal

   Address: P.O. Box 9612, G'ville, SC 29604

*In Item B below, place the full name of the defendant, and his/her/its address, in the space provided. Use Item C for additional defendants, if any.*

B. Name of Defendant: See Partial List Enclosed.

   Address: _____

C. Additional Defendants (provide the same information for each defendant as listed in Item B above):

   List Enclosed.

## III. STATEMENT OF CLAIM

*State here, as briefly as possible, the facts of your case. Describe how each defendant is involved.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF SOUTH CAROLINA

USDC CLERK, GREENVILLE, SC
RECEIVED
2011 JUN 10 A 10: 57

**BRIDGETTE NEAL**, Individually and on

Behalf of all Similarly Situated Persons,

Post Office Box 9612

Greenville, South Carolina. 29604

**Plaintiffs,**

AND

Duke Energy, Pike Electric, **SC Public Works, USA, Public Works, Mack Pest, Gregory's Pest, Spencer Pest, ADT, TICI, REWA, Pike Electric, Greenville Water Systems, Piedmont Natural Gas, Fort Hill Natural Gas, Laurens Electric, Allstate Insurance, Geico Service Solutions, Southern Mechanics, Ashmore Brothers, Prime line Communications, Galloway Bell, Brookshire Collections, Charter Communications, Dipple Plumbing, Meridian Homes, The Blood Connection, Bowers, Ambulance Service, Terminix, Hired Killers, Scope Vehicles - Service Vehicles for the State of South Carolina Etc., Teachy, Orkin, Southern Remodel, Roto Rooter, Senior Solutions, Johnson's Towing, Westmoreland Services, PROTECT, Safelite, Easterguard, ACI/private contractor for Charter, ALTEC Simple Grimmell, All State, County and City Law enforcement Vehicles including other counties of the States, especially South Carolina,  North Carolina,  Georgia, Tennessee and Alaska thru Wyoming, South Carolina Highway Patrol, Transportation Police, SLED, FBI, and others, USA Government Vehicles, CPW, News Center 4, News Channel 7, News Channel 3, Fox News, Budweiser, Cocoa Cola, Pepsi, Cheerwine, Tru- Green Chemlawn, Prince Telecom, Invisible Fence, Trane, Mister Sparky, AT& T, Verizon, DTV, Nuvox Communications, GHA, GHS, Greenville County School Vehicles, Greenville City  Work Vehicles, Greenville Ambulance and Fire Department Vehicles, UPS, FEDEX, DSL, Quality Electric, Homes of Hope Construction, Yellow Cab, Elite Car Sales, Elite, Chastain Motor Vehicles, Family Auto Vehicles, Greenville Service Heating and Air, Roto Rooter, ABC Heat & Air, AAA, Palmetto Window, Blinds America, Southern Piping, SPC, Randalls Pool SVC, Mike Willimon Towing, Ron's Air Duct, Comfort Zone, McGowan Electric, American Lighting, Comfort Systems USA, CMS, Summit Designs, CHS, Gutter Removal, Quality on Tap Keen Electric, Primus, CMC, GS Mechanical Heating and Air, Critical Delivery, Stay Back 50 Feet, Brinks, Sears, Air Carolina, Refrigerator Services Inc., Allstate National Catastrophe Team, Blankenship, Piedmont Securities, JH Stewart, Taylors Electric, Henry Scheme Pro SVC, Jason's Plumbing, Waldrop Mechanical, Hot springs Pools and Spas, Performance Radiator, Oxner Import Auto Mall Vehicles, NAPA Auto Parts, McGee Heating and Air, S. H. Carter, TICI, Fleet Pride, Aaron's Rental, Rent a Center, Tyco-ADT, Jon Scott Contractor, SEC, Prime line Communications. United Rentals. Service Solutions, ADV. Climate Control, Rental One, ASG, Star Builder, Rain Tech, Chempro, Jennings Dill Inc., Quality Control, Carolina Heating, and Air, Dean Hunter moisture Control, Compass, Penske Riebold, Service Master, Sunbelt Rentals, Teknoforce, Gunter Heating and Air, Harper Construction, Utility Quest, Hayes &**

Lunsford Electric, Dutton Refrigeration, Profix, Plum Max, Excel Electric, Authorized Appliance Dealer, Authorized Commercial Service, Advanced Maint, Pilkington, State Farm, Bless Our Heart Construction, Mr. Riley's Plumbing, Watts Brothers Cable, Foushee Designs, Carolina Lease, Short-term housing, Champion, Piedmont Design Installations, Geeksquad, Clements Electrical, Poinsett Wrecker, S&L Tow, Rapid Recovery, FSI Office, Stover Mechanical, Carolina Fire Service, Priority One, Gantt Fire Department along with others in the State of South Carolina, SC Animal Control Vehicles, Free Junk Car Removal Tow Truck, Melitus Tow, Family Exterminator, Beam Vac Center, Apex Termite, ACCU Read, Lab Corp, Anderson Electric, Greenco Beverage, Hawkins Tow, Paul S. Jones Home Improvement, Knight Electrical, Dutton Refrig., Tritec Inc., Integrity, Cintas, Rewa, Rewella, Cable for Less, Pro Heat, Refrigerator Services INC., Bailey's H&Air, Mainline Electric, Latina Tow, Moon and Freeman, Cousins Tow, Total Company, Holder Electric, Consolidated Utility, Johnson's Electric, Systems Integrations, SFI, Utility USA, Triplex, Oxner Landscaping, Peach Tree Pest, Greenville Pest, Gregory Electric, Sumter Utilities, #3506 Motorola, Diversified Electric, G-Five, ProSVC, SC Telco, Piedmont Electricians Service Experts, Natural Lawn of America, Forever Green Lawn Care, Anders Inc., TMC Electric, McAlister, Future Electric, Massey Electric, Corley Plumbing, & Electric, Parker Fire Department, Senior Solutions, Progressive, Geico, Poinsett Wrecker, Eldeco, Carolina Fire SVC., Sunbelt, Compass Pest, Plumb Max, McAlister Heating and Air, Excel Electric, Pilkington, Strickland Services, State Farm, Titan Pest, Consolidated Utility, Waldrop Heating and Air, Air Care, Anders Inc Heating and Air, Sharp, Hot or Cold, Dennis Comp., Total Company, and All of Their adjoined Private and Independent Contractors. BLE, Excel Electric, Premiere Landscape, Means Mobile Weld, 1-800-NOWLAWN, Garda, Thompson Towing, Home Team Pest Defense, Duncan Fire Department, Gantt Fire Department, Plc Prime Line, AAA Locksmith,Yellow Cab, Budget Cab, L. Hatcher Roofing, Premiere Concrete, Enviro Lawn, Climate Control, Enterprise Leasing, Carolina Building and Restoration, Terminix, Penske, We Buy Broken Phones, Oxner, Shawley's Shoreline Const, Scope Electric, Chiller Tek, Xclusive Services, Gantt Sewer, TV Inspection Unit, Utility Question, Upstate Muclch, Greenville Forensics, The Godfather Pest, Star Builder, Ogels Oxygen, Ashmore Brothers, RAM Tech, Grainger, Harrison Lighting, Robert Hall Plumbing,, Waldrop H&A, South Mechanic, Earle Furnan LLC, Tree Master, Carolina Services, Accu Read, Carolina Express Delivery, Frier Electric, Hagan Kennington, Big O'Dodge Paris Shuttle, Ryder, Centimark, Service Master, Southern Remodel, Carolina Pest, O'Shields Roofing, Carolina heating, Rennas, BEAM, Conway Freight, SWIFT Freight, Davis Electric, Triangle Construction, Cruesade-Renters,Excel Electric,THE UNITED STATES, COUNTIES AND CITIES OF ALASKA - WYOMING LED'S, SECRET POLICE, FBI, of the United States Goverment

Defendants.



*Include also the name(s) of other persons involved, dates, and places.* **Do not give any legal arguments or cite any cases or statutes.** *If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets of paper if necessary.*

Stalking, Harrassment, Invasion
of Privacy, Civil Right Violations
Amongst others Listed
In Case.

**III. STATEMENT OF CLAIM** - *continued.*

Defendants have been following, Tracing
Tracking And Listening in on
Phone Calls, opening MAil
Etc. (me, friends, family)
Etc.

Defendant(s) placed a gps
Tracking device in my cAr
Without my PErmission.

## CIVIL ACTION
## NO.

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiffs, individually and on behalf of all similarly situated persons, by and through her Prose attorney, Bridgette Neal, allege the following upon information and belief (except for those allegations pertaining to Plaintiffs, which are based on personal knowledge), after due investigation by undersigned prose counsel.

## NATURE OF THE ACTION

Plaintiffs, Bridgette Neal, bring this action on her own behalf and on behalf of, ("The affected un-aware participants") and as a Class Action on behalf of friends, family and church family and individuals affected by this case, hereinafter referred to as,

 ("The affected un-aware participants").

consisting of Plaintiffs and all other private citizens of the United States of America, together with her friends and family members ("The affected un-aware participants"), who are using cell phones, or automobiles equipped with a GPS tracking device by any telecommunications (cell phones equipped with gps signal tracking) entity or Automobile dealership that has equipped their cars with GPS tracking on the late model vehicles made in beginning the year 2003, Plaintiffs and the Affected unaware participants seek to recover damages caused to the Plaintiffs and "The affected un-aware participants by Defendants' invasion of Plaintiffs' privacy, theft of Plaintiffs' private information and unlawful interception and access to acquired and transmitted or verbally communicated data signal tracking, stalking, harassment, unlawful sharing of information to third parties, unlawful transactions by companies, unlawful acts, and other stored electronic communications in violation of the Electronic Communications Privacy Act, The

3

Computer Fraud Abuse Act, the Stored Communications Act, §1983 of the Civil Rights Act, The Fourth Amendment of the United States Constitution, the South Carolina, Wiretapping and Electronic Surveillance Act 15 US of 1935, Wiretap Statutes 18 U.SC. 2510, et seq,: 47 U.S.C. 605 Stalking Punishment Prevention Act of 1996, 18 U.S.C. §§2261(a),  2261(b). Electronic Communicatons Privacy Act of 1974, 5 U.SC.A §552, 5529.

15 us §1681, §1681t.   18 U.S.C. §2701, ( ECPA). Privacy Protection Act 42 U.S.C.§2000aa, Title 16-13-510 (d). Privacy Act 5 U.S.C. §552 (b)

(6). Civil and Criminal Penalties NC, Cable Communications Policy Act 47 U.S.C. §551, Communications Assistance for Law Enforcement 47 U.S.C. §1001, CALEA, 47 U.SC. §222, 47 U.S.C. 2721, Drivers Privacy Protection Act 18 U.S.C § 2721. Fair Debt Collections Practice Act 15 U.S.C. §1692 et seq., Freedom of Information Act 5 U.S.C. §552, Gramm-Leach Bliley Acts of 1982, 16 C.F. R. §312.3. 15 U.S.C, Right to Financial Privacy Act 12 U.S.C. §3401, et seq., §12 C.F.R. 40,  Privacy Act 15 U.S.C. §§6801 6809 et seq, Privacy Act of 1974, 5 U.S.C. §552a.  Right to Financial Privacy Act of 1978.  12 U.S.C. §§3401, 4315.  Telecommunications Act of 1996, 47 U.S.C. 222, Conversion, and South Carolina common law.

2. Unbeknownst to Plaintiffs and the, "The affected un-aware participants and without their authorization, Defendants have been spying, stalking, tracking, tracing, harassing and invading the privacy activities of Plaintiffs and "The affected un-aware participants by Defendants' indiscriminant use of and ability to remotely activate the gps tracking devices incorporated into each cell phone, computer and automobile, or gps tracking device in their vehicles and other electronic equipment issued by their telecommunications companies and automobile dealerships. This continuing surveillance was made possible courtesy of one or more of the Plaintiffs' with such similar device and or devices  and "The affected un-aware participants personal vehicle and

4

individual business use of their phones, computers, (public and private home phone numbers), and automobiles issued by their automobile dealers, telecommunications industry including the "The affected un-aware participants indiscriminant remote activation of her/their gps incorporated into each phone and gps signal tracking mechanism located in each vehicle, was accomplished without the knowledge or consent of the Plaintiffs or the members of ."The affected un-aware participants". Unbeknownst to the Plaintiff and without her consent or knowledge till after the fact, a high tech tracking device was strategically placed inside her car, attached to the ignition switch, along with a computerized key, and antenna for extended range.

3. Plaintiffs and "The affected un-aware participants" bring this action pursuant to §§§ 2511 and 2520 2701 of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2511 and 2520, § 1030 of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §1030, §2701 of the Stored Communication Act ("SCA") of 1983, 18 U.S.C. §2701, of the Civil Rights Act, 42 U.S.C.§ 1983, The Fourth Amendment of the United States Constitution, U.S. CONST, amend. IV, the South Carolina Wiretapping and Electronic Surveillance Act, 16-17-10 SA. 28 U.S.C. §§§331, 1137, 319. US Code Title 15 chapter 2c §79(b)(f),-79(4)(z)-(6), §773, Electronic Communications Privacy Act, of 1986 Title 15a-287 (ECPA). Civil and Criminal Penalties, NC. 15a-287, Cable Communications Policy Act 47 U.S.C § 551, Communications Assistance for Law Enforcement 47 U.S. C. §1001, Customer Proprietary Network Information 47 U.S.C.§222, Drivers Privacy Protection Act 18 U.S.C. §2721, Fair Debt Collection Practices Act 15 U.S.C. §1692, Freedom of Information Act 5 U.S.C. §552 (FOIA), Gramm-Leach-Bliley Act 15 U S. C. §§6801, Privacy Act 5 U.S.C. §552a 42 U.S.C. §2000aa, Right to Financial Privacy Act 12 U.S.C. §3401 et seq. Consumer Credit Reporting Reform Act of 1196, Wiretap Statutes 18 U.S.C. § 2510, et seq,; 47 U.S.C. § 605 C.S.A. §5701 *et seq.,*

5

("SCWL"), and South Carolina common law.

4. This Court has original jurisdiction over Plaintiffs' and the "The unaware affected parties"

federal law claims pursuant to 28 U.S.C. §§ 1331 and 1137, Title 15,79 to 79z-6 and

supplemental jurisdiction over Plaintiffs' and  "The unaware affected parties" USA, Federal,

State, County, City and Government law claims pursuant to 28 U.S.C. § 1367, U.S.C. §551,

§1001, § 222, § 2721, § 2701, act of 1996, §1692, §552, §552a, 4315,§6801, §552,§2000aa,

§3401,§605 .

5. Venue is proper in this district pursuant to 5 U.S.C., 12 U.S.C., 47 U.S.C., & 28 U.S.C. §§

1391(b) and (c) as each Defendant is a resident of and/or maintains a permanent business office

in this district.

6. In connection with the acts and conduct complained of, Defendants, directly or

indirectly, used the means and instrumentalities of interstate commerce, Telecommunications,

Department and the means and instrumentalities of the Transportation industry, (USDOT) United

States Department of Transportation, such as: all available Citywide, Countywide, Statewide and

Governmental vehicles in operation and of Law Enforcement, in addition to their on and off duty

employees, forced to keep track of Plaintiffs whereabouts and other such vehicles from all of the

50 States of the United States of America .

**THE PARTIES**



7. Plaintiff, Bridgette Neal, is currently a Self Employed Consultant currently unemployed individual whose postal address is P.O, Box 9612 Greenville, South Carolina, and a resident of Greenville, South Carolina.

8. Plaintiffs, "The Unaware affected parties", are also Citizens of the United States of America as well as some are residents of Greenville South Carolina and the entire United States of America, Cities and Counties that apply to this allegation, are hereinafter collectively referred to as "Plaintiffs."

9. Defendant (s), USA, Duke Energy, Pike Electric, SC Public Works, USA Public Works, Mack Pest, Gregory's Pest, Spencer Pest, ADT, TICI, REWA, Pike Electric, Greenville Water Systems, Piedmont Natural Gas, Foothill Natural Gas, Laurens Electric, Allstate Insurance, Geico Service Solutions, Southern Mechanics, Ashmore Brothers, Prime line Communications, Galloway Bell, Brookshire Collections, Charter Communications, Dipple Plumbing, Meridian Homes, The Blood Connection, Bowers, Ambulance Service, Terminix, Hired Killers, Scope Vehicles - Service Vehicles for the State of South Carolina Etc., Teachy, Orkin, Southern Remodel, Roto Rooter, Senior Solutions, Johnson's Towing, Westmoreland Services, PROTECT, Safelite, Easter guard, ACI/private contractor for Charter, ALTEC Simple Grimmell, All State, County and City Law enforcement Vehicles including other counties of the States, especially South Carolina, North Carolina, Georgia, Tennessee and Alaska thru Wyoming, South Carolina Highway Patrol, Transportation Police, SLED, FBI, and others, USA Government Vehicles, Duke Energy, CPW, News Center 4, News Channel 7, News Channel 3, Fox News, Budweiser, Cocoa Cola, Pepsi, Cheerwine, Tru Green Chemlawn, Prince Telecom, Invisible Fence, Trane, Mister Sparky, AT& T, Verizon, DTV, Nuvox Communications, GHA, GHS, Greenville County School Vehicles, Greenville City Work Vehicles, Greenville

Ambulance and Fire Department Vehicles, UPS, FEDEX, DSL, Quality Electric, Homes of

Hope Construction, Yellow Cab, Elite Car Sales, Elite, Chastain Motor Vehicles, Family Auto

Vehicles, Greenville Service Heating and Air, Roto Rooter, ABC Heat & Air, AAA, Palmetto

Window, Blinds America, Southern Piping, SPC, Randall's Pool SVC, Mike Willimon Towing,

Ron's Air Duct, Comfort Zone, McGowan Electric, American Lighting, Comfort Systems USA,

CMS, Summit Designs, CHS, Gutter Removal, Quality on Tap, Keen Electric, Primus, CMC, GS

Mechanical Heating and Air, Critical Delivery, Stay Back 50 Feet, Brinks, Sears, Air Carolina,

Refrigerator Services Inc., Allstate National Catastrophe Team, Blankenship, Piedmont

Securities, JH Stewart, Taylors Electric, Henry Scheme Pro SVC, Jason's Plumbing, Waldrop

Mechanical, Hot springs Pools and Spas, Performance Radiator, Oxner Import Auto Mall

Vehicles, NAPA Auto Parts, McGee Heating and Air, S. H. Carter, TICI, Fleet Pride, Aaron's

Rental, Rent a Center, Tyco-ADT, Jon Scott Contractor, SEC, Prime line Communications.

United Rentals. Service Solutions, ADV. Climate Control, Rental One, ASG, Star Builder, Rain

Tech, Chempro, Jennings Dill Inc., Quality Control, Carolina Heating, and Air, Dean Hunter

moisture Control, Compass, Penske Riebold, Service Master, Sunbelt Rentals, Teknoforce,

Gunter Heating and Air, Harper Construction, Utility Quest, Hayes & Lunsford Electric, Dutton

Refrigeration, Profix, Plum Max, Excel Electric, Authorized Appliance Dealer, Authorized

Commercial Service, Advanced Maint, Pilkington, State Farm, Bless Our Heart Construction,

Mr. Riley's Plumbing, Watts Brothers Cable, Foushee Designs, Carolina Lease, Short-term

housing, Champion, Piedmont Design Installations, Geek squad, Clements Electrical, Poinsett

Wrecker, S&L Tow, Rapid Recovery, FSI Office, Stover Mechanical, Carolina Fire Service,

Priority One, Gantt Fire Department along with others in the State of South Carolina, SC Animal

Control Vehicles, Free Junk Car Removal Tow Truck, Melitus Tow, Family Exterminator, Beam

Vac Center, Apex Termite, ACCU Read, Lab Corp, Anderson Electric, Greenco Beverage, Hawkins Tow, Paul S. Jones Home Improvement, Knight Electrical, Dutton Refrig., Tritec Inc., Integrity, Cintas, Rewa, Rewella, Cable for Less, Pro Heat, Refrigerator Services, Bailey's Heating &Air, Mainline Electric, Latina Tow, Moon and Freeman, Cousins Tow, Total Company, Holder Electric, Consolidated Utility, Johnson's Electric, Systems Integrations, SFI, Utility USA, Triplex, Oxner Landscaping, Peach Tree Pest, Greenville Pest, Gregory Electric, Sumter Utilities, #3506 Motorola, Diversified Electric, G-Five, Pro SVC, SC Telco, Piedmont Electricians Service Experts, Natural Lawn of America, Forever Green Lawn Care, Anders Inc., TMC Electric, McAlister, Future Electric, Massey Electric, Corley Plumbing, & Electric, Parker Fire Department, Senior Solutions, Progressive, Geico, Poinsett Wrecker, Eldeco, Carolina Fire SVC., Sunbelt, Compass Pest, Plumb Max, McAlister Heating and Air, Excel Electric, Pilkington, Strickland Services, State Farm, Titan Pest, Consolidated Utility, Waldrop Heating and Air, Air Care, Anders Inc Heating and Air, Sharp, Hot or Cold, Dennis Comp., Total Company,  and All of Their adjoined Private and Independent Contractors corporation body politic within the State of South Carolina with a principal place of residence of Greenville South Carolina.,  Defendant(s), SC Public Works,USA Public Works, Mack Pest, Gregory's Pest, Spencer Pest, ADT, TICI, REWA, Pike Electric, Greenville Water Systems, Piedmont Natural Gas, FortHill Natural Gas, Laurens Electric, Allstate Insurance, Geico Service Solutions, Southern Mechanics, Ashmore Brothers, Prime line Communications, Galloway Bell, Brookshire Collections, Charter Communications, Dipple Plumbing, Meridian Homes, The Blood Connection, Bowers, Ambulance Service, Terminix, Hired Killers, Scope Vehicles - Service Vehicles for the State of South Carolina Etc., Teachy, Orkin, Southern Remodel, Roto Rooter, Senior Solutions, Johnson's Towing, Westmoreland Services, PROTECT, Safelite,

9

Easterguard, ACI/private contractor for Charter, ALTEC Simple Grimmell, All State, County and City Law enforcement Vehicles including other counties of the States, especially South Carolina, North Carolina, Georgia, Tennessee and Alaska thru Wyoming, South Carolina Highway Patrol, Transportation Police, SLED, FBI, and others, USA Government Vehicles, CPW, News Center 4, News Channel 7, News Channel 3, Fox News, Budweiser, Cocoa Cola, Pepsi, Cheerwine, Tru Green Chemlawn, Prince Telecom, Invisible Fence, Trane, Mister Sparky, AT& T, Verizon, DTV, Nuvox Communications, GHA, GHS, Greenville County School Vehicles, Greenville City Work Vehicles, Greenville Ambulance and Fire Department Vehicles, UPS, FEDEX, DSL, Quality Electric, Homes of Hope Construction, Yellow Cab, Elite Car Sales, Elite, Chastain Motor Vehicles, Family Auto Vehicles, Greenville Service Heating and Air, Roto Rooter, ABC Heat & Air, AAA, Palmetto Window, Blinds America, Southern Piping, SPC, Randalls Pool SVC, Mike Willimon Towing, Ron's Air Duct, Comfort Zone, McGowan Electric, American Lighting, Comfort Systems USA, CMS, Summit Designs, CHS, Gutter Removal, Quality on Tap Keen Electric, Primus, CMC, GS Mechanical Heating and Air, Critical Delivery, Stay Back 50 Feet, Brinks, Sears, Air Carolina, Refrigerator Services Inc., Allstate National Catastrophe Team, Blankenship, Piedmont Securities, JH Stewart, Taylors Electric, Henry Scheme Pro SVC, Jason's Plumbing, Waldrop Mechanical, Hot springs Pools and Spas, Performance Radiator, Oxner Import Auto Mall Vehicles, NAPA Auto Parts, McGee Heating and Air, S. H. Carter, TICI, Fleet Pride, Aaron's Rental, Rent a Center, Tyco-ADT, Jon Scott Contractor, SEC, Prime line Communications. United Rentals. Service Solutions, ADV. Climate Control, Rental One, ASG, Star Builder, Rain Tech, Chamorro, Jennings Dill Inc., Quality Control, Carolina Heating, and Air, Dean Hunter moisture Control, Compass, Penske Riebold, Service Master, Sunbelt Rentals, Teknoforce, Gunter Heating and Air, Harper Construction,

Utility Quest, Hayes & Lunsford Electric, Dutton Refrigeration, Profix, Plum Max, Excel Electric, Authorized Appliance Dealer, Authorized Commercial Service, Advanced Maint, Pilkington, State Farm, Bless Our Heart Construction, Mr. Riley's Plumbing, Watts Brothers Cable, Foushee Designs, Carolina Lease, Short-term housing, Champion, Piedmont Design Installations, Geeksquad, Clements Electrical, Poinsett Wrecker, S&L Tow, Rapid Recovery, FSI Office, Stover Mechanical, Carolina Fire Service, Priority One, Gantt Fire Department along with others in the State of South Carolina, SC Animal Control Vehicles, Free Junk Car Removal Tow Truck, Melitus Tow, Family Exterminator, Beam Vac Center, Apex Termite, ACCU Read, Lab Corp, Anderson Electric, Greenco Beverage, Hawkins Tow, Paul S. Jones Home Improvement, Knight Electrical, Dutton Refrig., Tritec Inc., Integrity, Cintas, Rewa, Rewella, Cable for Less, Pro Heat, Refrigerator Services, Bailey's H&Air, Mainline Electric, Latina Tow, Moon and Freeman, Cousins Tow, Total Company, Holder Electric, Consolidated Utility, Johnson's Electric, Systems Integrations, SFI, Utility USA, Triplex, Oxner Landscaping, Peach Tree Pest, Greenville Pest, Gregory Electric, Sumter Utilities, #3506 Motorola, Diversified Electric, G-Five, ProSVC, SC Telco, Piedmont Electricians Service Experts, Natural Lawn of America, Forever Green Lawn Care, Anders Inc., TMC Electric, McAlister, Future Electric, Massey Electric, Corley Plumbing, & Electric, Parker Fire Department, Senior Solutions, Progressive, Geico, Poinsett Wrecker, Eldeco, Carolina Fire SVC., Sunbelt, Compass Pest, Plumb Max, McAlister Heating and Air, Excel Electric, Pilkington, Strickland Services, State Farm, Titan Pest, Consolidated Utility, Waldrop Heating and Air, Air Care, Anders Inc Heating and Air, Sharp, Hot or Cold, Dennis Comp., Total Company,  and All of Their adjoined Private and Independent Contractors, and Cruesade Renters. Be it also known that this is list is still a partial accounting of the Companies and Parties involved.

11. Defendants engage in spying on the day to day movements of individuals within the South Carolina State, County and City limits of the implementation of such policies, procedures and is responsible for practices instituted by their companies as well as the day to day operations of the Law Enforcement for the USA., are hereinafter collectively referred to as "Defendants."

## CLASS ACTION ALLEGATIONS

- 12. Plaintiffs bring this action as a Class Action under Rules 23(a), 23(b)(1), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and ("The affected un-aware participants"), consisting of Plaintiffs and all others that have a car with gps signal, a cellular phone with a gps signal issued by their auto dealership, telecommunications company, computer software company and the, industry of telecommunications, automobile industry a car, a cell phone, gps navigator or a laptop computer equipped with a locater signal, together with their families. Excluded from the suit are the Defendants herein, any subsidiary of any of the Defendants, any family members of the Defendants, if they did not take part in the surveillance and or/ as long as their individual vehicles were not used in conjunction with this surveillance and harassing, in addition to individuals who work for these industries as employees if proven that they were not a party to this gross invasion of plaintiff's privacy, and directors of Defendants or any subsidiary, and their legal representatives, heirs, successors or assigns of any such excluded person or entity.

13. ("The affected un-aware participants"), is so numerous that joinder of all members is impracticable. The number is immeasurable.   Additionally, the proposed ("The affected un-aware participants"), includes each participants immediate family members.

14. Plaintiffs' claims are typical of the claims of the other ("The affected un-aware participants"), as Plaintiffs and all other members were injured in exactly the same way - by the unauthorized, inappropriate and indiscriminant remote activation of a gps locator signal contained within a automobile, cell phone, and laptop computer issued to ("The affected un-aware participants"), and the intentional interception of their private cell phone, and text messages, home phone calls, faxes, e-mail messages, travel to and fro destinations and any other inter-commerce, interstate, global communications, and travel arrangement and destinations in violation of federal and state law as complained of herein.

404965-1 - 4

13

15. Plaintiffs will fairly and adequately represent the interests of ("The affected un-aware participants"), and will retain counsel competent and experienced in Class Action litigation.

16. Plaintiffs have no interests that are contrary to or in conflict with those of the ("The affected un-aware participants"),

17. A Class Action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damage suffered by individual ("The affected un-aware participants"), members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the {"The affected un-aware participants"), individually to seek redress for the unlawful conduct alleged.

18. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a Class Action.

19. Common questions of law and fact exist as to all members of the ("The affected un-aware participants"), and predominate over any questions effecting solely individual members of the . ("The affected un-aware participants"), Among the questions of law and fact, common to the ("The affected un-aware participants"),: a. Whether Defendants' acts as alleged herein violated the ECPA, the CFAA, SCA, the § 1983, The Fourth Amendment of the United States Constitution, the SPPA of 1996, SCWA, ESA, CCPA, PDA, CAFLEA, CPNI, DPPA, FDCPA, FOIA, GRAMM-LEACH BLILEY ACT, PA of 1974, PPA, RTFPA OF 1978, CCRRA OF 1996, TCA OF 1996, WSA, CPA, SCWL or South Carolina common law; Privacy laws and other such laws in regards to this case and others like it, unbeitknown to the Plaintiff.

b. Whether Defendants participated in and pursued the concerted action or common course of conduct complained of; and

14

c. Whether Plaintiffs and members of ("The affected un-aware participants"), have sustained compensable damages and, if so, the proper measure of such damages.

## SUBSTANTATIVE ALLEGATIONS

20. On the Website of Duke Energy and the additional Defendants herein named in this complaint, their Privacy Laws appear on the Privacy laws section of these sites and were recently one was updated as of November 2009, the information is as
 follows:

404965-1 -5-

15

"Privacy has always been an important part of how we do business. We would like to make our policy concerning information collection and use absolutely clear. This notice explains our online information practices and the choices you can make about the way your information is collected and used. Duke Energy Business Services LLC, the service company subsidiary of Duke Energy Corporation (Duke Energy Corporation and its subsidiaries referred to herein, individually and collectively, as "Duke Energy") that maintains Duke Energy's Web site, is a licensee of the TRUSTe Privacy Program. TRUSTe is an independent organization whose mission is to build users' trust and confidence in the Internet by promoting the use of fair information practices. This privacy statement covers the Web site www.duke-energy.com. Because we want to demonstrate our commitment to your privacy, Duke Energy has agreed to disclose its information practices and have its privacy practices reviewed for compliance with TRUSTe's standards".

## 1. Information Sharing

Duke Energy does not sell the personal information or e-mail addresses you provide, nor does Duke Energy share such information with third parties for the purpose of sending you advertisements for products or services unaffiliated with Duke Energy or with its affiliates or business partners. Duke Energy may, however, share personal information or e-mail addresses that you provide to us for legitimate business purposes, including, without limitation, the following:

> Transferring such information to Duke Energy's affiliates and subsidiaries, unless such
> transfer is prohibited by law Transferring such information as part of a merger,
> consolidation, acquisition, divestiture or other corporate restructuring (including

16

bankruptcy). If such an activity occurs, we will provide notice as described below in "Changes to our Privacy Policy" Making such information available to third parties who are providing the product, service or information that you have requested (but never your password) Making such information available to third parties who are service providers to Duke Energy or its subsidiaries or affiliates (e.g., third parties performing computer-related services, credit card processing, e-mail service providers, sweepstakes administrators, electronic bill payment services for Duke Energy or its affiliates (but never your password)) We form a good-faith belief that disclosure of such information is necessary to investigate, prevent, or take action regarding any illegal activities or regarding interference with the operation of our site or violation of its terms of use

Disclosing such information is allowed by law or our legal counsel forms a good-faith belief that such disclosure is required by federal or state law, subpoena or court order

Information may be shared with a third party for debt collection purposes in the event of account default.

By providing personal information or e-mail addresses, you expressly consent to these privacy practices. We may also supplement your information with additional information we receive from a credit check performed when you apply for certain services. Some state statutes, and certain state utility commissions with regulatory oversight of our Duke Energy utility service territories, require that certain customer information be protected from disclosure to our Duke Energy affiliate companies. The statutes or applicable codes of conduct may be found here:

North Carolina and South Carolina: Code of Conduct
Ohio: http://codes.ohio.gov/orc/4928.17
Kentucky: http://www.lrc.ky.gov/KRS/278-00/2213.PDF
Indiana: http://www.duke-energy.com/pdfs/DE-IN-Affiliate-Standards.pdf
Widgets support functions that require that you disclose certain personal information given the

17

user's choice of participation. This information is collected on this site through the "e-mail a friend" feature. If you choose to tell a friend about our site, we use a widget asking for your friend's name and e-mail address. We will automatically send your friend a one-time e-mail inviting him or her to visit the site. We do not retain this information.

We also post testimonials on our site from customers who have given approval to post their personal information along with their testimonial.

Duke Energy reserves the right to share any aggregated information (i.e., non-personal information) with any third parties for any reason, unless prohibited by law.

### Security

Duke Energy uses industry-standard practices to protect your personal information and e-mail address from loss, misuse, alteration and destruction. Such measures include firewalls and Secure Sockets Layers (SSL) to encrypt and protect certain sensitive transmissions of information. However, no security system is fail-safe, and Duke Energy cannot guarantee the information you provide will never be obtained by unauthorized persons. The yellow lock at the bottom right-hand corner of a Web page indicates that a user is on a secured site. In some areas of our Web site, we require a user ID and password for you to access certain information. Duke Energy will not intentionally disclose any such password to third parties; however, you are responsible for maintaining the privacy and security of your password.

### Access

If you wish to correct or edit your information or e-mail address online, please log into your account and access your online profile. If you wish to obtain a copy of the personal information or e-mail addresses that we have obtained from you through your use of this site for any reason, including if you believe it is in error or if you wish to delete it, please contact us using the information below:

If you believe we have not followed this Privacy Policy in any instance, please contact our business ethics officer by e-mail at ethicsofficer@duke-energy.com.

### Changes to Our Privacy Policy

Duke Energy reserves the right to change this Privacy Policy and its e-mail practices at any time. If we decide to change our policy regarding privacy and/or e-mail practices, we will notify you here and on our home page, so that you are aware of what information we collect, how we use it, and under what circumstances, if any, we disclose it. You may want to visit this Web site periodically to review the current Privacy Policy. Use of our Web site after the posting of a

18

revised privacy policy constitutes your agreement with the revised policy.  This Privacy Policy is

not intended to and does not create any contractual or legal rights in or on behalf of any party."

2.
  **How We Use the Information We Collect**

We use the information you voluntarily provide to:

> Fulfill your request

> Help you quickly find and/or receive information about Duke Energy or one of its affiliated
>
> companies

> Alert you to updated information and services

> Provide more complete service

> Improve the content of our Web site for your reference

> Answer your questions.


**At no time, did Duke Energy state that the company would exchange your personal or**

**private information with all of their contractors, their contractors family members**

**etc or any other entity, or individual that may or may not have knowledge of where**

**you live or vehicles you drive. For the purpose and or regard to stalk and or harass**

**any individual and or a former client or client(s).**

The result: more engaged individuals to apply for their services conveniently.

21. As part of this initiative as indicated by the Duke Energy, Charter Communications,

Att, Direct TV, Greenville Water System, and all other companies listed as Defendants in

this suit and those that are connected to these companies as private contractors or

independent servicers, hereinafter referred to as third parties, encourages individuals to

utilize their on line services under the assumption of total privacy and no fear of their

19

information being shared with other third parties, without their consent.

22. An examination of all of the written documentation on their website and or service contracts accompanying individuals needing power appear on any website or handout to potential clients, concerning the distribution of their information to other third party contractors that work on behalf of their companies,  reveals that no reference is made to the fact that Duke Energy, Charter Communications, At& t, Greenville Water System, Direct TV (ie) all other companies listed in this complaint, gives these companies the ability to remotely activate their customers cell phone  signals,  their gps systems of their cars, or their personal and work laptop computers, which include any and all e-mail accounts, at any time the these companies wished to intercept communication from these laptops, cell phones, home phones, and automobile gps navigation systems, or of anyone or anything utilizing these items, upon the assumption of total and complete privacy, at the time of activation.  Or that they have the ability to share personal information to other third parties, " the website states they can share ie non-personal information".

23. On or about February 20, 2009, and confirmed on November 1, 2009.  Plaintiffs noticed for the first time, and started filing complaints with the appropriate authorities, never being informed of the above-mentioned capability and practice by these companies and or procedures at any time, as of this date and currently Defendants deny stalking, harassing, invasion of privacy amongst other things.  At no time has Plaintiff been informed of such practice regarding this improper behavior surrounding her , and cited as evidence from her kept logs of surveillance records including times and dates, places  and tag numbers, vehicle ID numbers, transportation department numbers and truck numbers assigned to individual trucks and companies by said companies.

Several complaints were filed with the proper authorities regarding a tracking device embedded in Plaintiffs older model automobile, a 1996 Chevrolet Lumina. The gps device placed inside her car, was put there without the consent or the knowledge of the Plaintiff, while her car was housed and entrusted to her mechanic. Defendants acquired Plaintiff's car under false pretenses or by other means. Plaintiff's mechanic said her car had to be sent to a auto shop that specializes in repairing axles, the axle was messed up during the initial tow to the garage. The gps device placed inside Plaintiff's car was put there; then, her car was made without one, and did not have the gps device prior to the time it was at the mechanic shop being repaired.

404965-1 -6-

24. Bridgette Neal thereafter verified, through persistent stalking from these individual companies and entities that Duke Energy, SLED, FBI, and USA, Charter, AT&T, Direct TV, and all of the above mentioned Defendants listed in this complaint in fact has the ability to remotely activate the signals contained in a consumers, cell phone, gps navigation system in their automobiles, personal or business laptop computer issued by the Companies they were purchased from, at any time it chose and to view and capture whatever open communication or stored communications, messages saved inside of the personal and business cell phones, and personal and business laptop, email accounts, and faxes, all without the knowledge, permission or authorization of any persons then and there using the laptop computer.

25. Additionally, by virtue of the fact that the gps can be remotely activated at any time by the Defendants in conjunction with Duke Energy, Charter Communications, Greenville Water System, Piedmont Natural Gas, Direct TV, USA Government, SLED, FBI, States of South

Carolina and North Carolina Law Enforcement, as well as the 48 additional States of the United

States of America, the gps/signal locator will capture any signal or movement whatsoever and

where ever the car travels or is parked, which the gps is located, regardless of whether the

Plaintiff is sitting in the car and using it, or whether it is parked. Any employee of these

Defendants, independent contractors and service providers for these companies and their family

members have access to this information, acquire it as a(n) unauthorized third party.

26. Defendants have never disclosed either to the Plaintiffs or to the Affected unaware

participants" that the Defendant's Duke Energy, Charter Communications, AT&T, Greenville

Water System, Piedmont Natural Gas, The Government of the United States of America, the

State, Counties and Cities of South Carolina, and the entire 50 Plus States of the United States of

America, have the ability to capture gps, tracking information from any location in which the

Plaintiff's personal or business cell phones, automobile, or laptop computer was kept.


**COUNT I - INTERCEPTION OF**

**ELECTRONIC COMMUNICATIONS UNDER THE ECPA**

27. Plaintiffs repeat and re-allege each and every allegation above as if fully set forth

herein.

28. Plaintiffs and {"The affected un-aware participants"), assert this Count against all

Defendants, jointly and severally, pursuant to §§ 2511 and 2520 of the ECPA, 18 U.S.C. §§ 2511

and 2520.

29. Section 2511 of the ECPA provides in part:

(1) Except as otherwise specifically provided in this chapter any person who—

(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept, or endeavor to intercept, any ... electronic communications;

404965-1-7

(d) Intentionally uses, or endeavors to use, the contents of any. .. electronic communication knowing or having reason to know that the information was obtained through the interception of a[n] ... electronic communication in violation of this subsection; .. shall be punished as provided in subsection

(4) Or shall be subject to suit as provided in subsection

(5). 30. Section 2520 of the ECPA provides in part:

(A) In general. -Except as provided in section 2511 (2)(a)(ii), any person whose ... electronic communication is intercepted . . . or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.

(b) Relief.—in the action under this section, appropriate relief
Includes -
(1) Such preliminary and other equitable or declaratory
Relief as may be appropriate
(2) Damages under subsection (c) and punitive damages
In appropriate cases; and
(3) A reasonable attorney's fee and other litigation costs

23

Reasonably incurred.

31. Section 2510 of the ECPA, setting forth the definitions of the terms in § 2511,

Defines "person" to include "any employee, or agent of the United States or any State or political

subdivision thereof...." 18 U.S.C. §2510(6). Accordingly, each Defendant is a "person"

within the meaning of § 2511.

32. Section 2510 defines "electronic communication" to include "any transfer of

signs, signals, writing, imaging, sounds, data, or intelligence of any nature transmitted in whole

or in part by a wire, radio, electromagnetic, photo electronic, or photo optical system that affects

interstate or foreign commerce, .. ." 18 U.S.C. § 2510(12).

Accordingly, the email messages complained of constitute an "electronic communication" within

the meaning of § 2511.

404965-1 -8-

24

33. Section 2510 defines "intercept" to mean "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device. " 18 U.S.C. §2510(4). Section 2510 defines "electronic, mechanical or other device" to mean "any device or apparatus which can be used to intercept a wire, oral, or electronic communication," subject to exclusions not relevant to this action.   18 U.S.C. §2510(5).

34. The software/hardware used by these Companies and or Agencies to remotely activate the gps/signal locator device in any of the following ways complained of constitute an "electronic . . . device" within the meaning of 18 U.S.C. § 2510(5).

By using said software/hardware, gps- or email communications and other devices and any other electronic means to secretly obtain personal information in regards to the Plaintiff(s) "intercepts" that communication within the meaning of § 2511.

35. By virtue of the foregoing, Plaintiffs and each member of this Issue is a "person whose . .. electronic communication is intercepted...or intentionally used in violation of this chapter" within the meaning of § 2520.

36. By virtue of the foregoing, Defendants are liable to Plaintiffs and the other members of the Class for their violations of §§ 2511 and 2520 of the ECPA.

37. Since Plaintiffs first learned of Defendants' unlawful remote activation of the gps signal/locator complained of on November 11, 2009, this action is timely and not beyond ECPA's applicable statue of limitations.

38. Defendants' actions complained of herein were conscious, intentional, wanton and malicious, entitling Plaintiffs and the other members of this Issue to an award of punitive damages.

39. Plaintiffs and the other members of the {"The affected un-aware participants"), have no adequate remedy at law for



Defendants continued violation of the ECPA.   404965-1 -9-

## COUNT II - THEFT OF
## INTELLECTUAL PROPERTY UNDER THE CFAA

40. Plaintiffs repeat and re-allege each and every preceding allegation as if fully set forth herein.

41. Plaintiffs and the Class assert this Count against Defendants, jointly and severally, pursuant to § 1030 of the CFAA, 18 U.S.C. § 1030.

42. Section 1030 provides in part:

(a) Whoever-

(2) intentionally accesses a computer, plants a hidden gps device or activates such device in a cell phone and or computer or any other piece of electronic equiptment without authorization or exceeds authorized access, and thereby obtains—

(C) information from any protected computer if the conduct

involved an interstate or foreign communication;

shall be punished as provided in subsection
 (c) of this section.

(b) Whoever attempts to commit an offense under

subsection (a) of this section shall be punished as provided in

subsection (c) of this section.

(g) Any person who suffers damage or loss by reason

of a violation of this section may maintain a civil action against the

violator to obtain compensatory damages and injunctive relief or

other equitable relief. ... No action may be brought under this

subsection unless such action is begun within 2 years of the date of

the act complained of or the date of the discovery of the damage.

43. Section 1030 of the CFAA defines the term "protected computer" to include "a

computer .. . which is used in interstate or foreign commerce or communication."
18 U.S.C. § 1030(e)(2)(B).   Each laptop is equipped with a gps device and is used
404965-10

in interstate communications and is therefore a "protected computer" within the meaning of

§ 1030.

44. Section 1030 of the CFAA defines the term "exceeds authorized access" to mean

"to access a computer with authorization and to use such access to obtain or alter
information in the computer that the accessor is not entitled so to obtain or alter.
" 18 U.S.C. § 1030(e)(6).

By using software/hardware to remotely activate the gps and or the e-mail account
complained of and intercept their messages, each Defendant has gained "access a
computer, gps and or any other electronic device equipt with a gps device, do so without
authorization or exceeds authorized access" within the meaning of §1030.

45. By virtue of the foregoing, Defendants are liable to Plaintiffs and  The affected un-
aware participants"), for their violations of § 1030 of the CFAA.

46. Since Plaintiffs first learned of Defendants remote activation of the gps and email
first complained of on February 21,, 2009, first verified and proved November 2009, this
 action is timely as to Plaintiffs and each member of  The affected un-aware
participants"),

47. Defendants actions complained of herein were conscious, intentional, wanton and

malicious entitling Plaintiffs and other members of The affected un-aware participants"),
to an award of punitive damages.

48. Plaintiffs and the other members of The affected un-aware participants"), have no
adequate remedy of law for Defendants continued violation of the CFAA.
404965-11



## COUNT III - STORED

## COMMUNICATIONS ACT (18 U.S.C. § 2701)

49. Plaintiffs repeat and re-allege each and every preceding allegation as if fully set forth herein.

50. Section 2701 of the SCA provides, in pertinent part:

Except as provided in subsection (c) of this section, whoever-

404965-1 -12-

1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or

2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this

section.

51. Section 2711 of the SC A defines "electronic communication" as "any transfer of

Signs or signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photo electronic or photo optical system that affects interstate or foreign commerce." 18 U.S.C. §§ 2711, 2510 (12).  Accordingly, the gps locator and signal complained of are "electronic communications" within the meaning of the SCA.

52. Section 2711 of the SCA defines "person" to include "any employee, or agent of the United States or of a State or political subdivision thereof, and any individual, partnership, association. . . ." 18 U.S.C. §§ 2711, 2510 (6).  Accordingly, all Defendants

are "persons" within the meaning of the SCA.

53. Section 2711 of the SCA defines "electronic storage" to include "any temporary intermediate storage of a wire or electronic communication, or signal incidental to the electronic transmission thereof. . . ." 18 U.S.C. §§ 2711, 2510(17),(A).

54. Defendants' use of the software/hardware to remotely activate the gps device or laptop complained of and to obtain their messages and communication constitutes an unauthorized acquisition of stored electronic communications in violation of the SCA.

55. Section 2701(b) of the SCA provides punishment in those instances where the unauthorized

Acquitsitions or stored electronic communications was not done for commercial gain

or advantage of "a fine under this title or imprisonment for not more than six months, or both...." 18 U.S.C. § 2701 **(b)(B).**

404965-1-13

## COUNT IV - VIOLATION OF THE
## CIVIL RIGHTS ACT (42 U.S.C. § 1983)

56. Plaintiffs repeat and re-allege each and every allegation set forth above as if fully set forth herein.

57. Section 1983 states in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of South Carolina, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress. . . ."

58. All Defendants are "persons" within the meaning of § 1983, in that at all times

material hereto they were acting under the color of state law as a political subdivision of
the Commonwealth of South Carolina, or a representative thereof.

59. Defendants' clandestine remote activation of the gps signal in thier cell phone and
laptop complained of deprived Plaintiffs and all members of The affected un-aware
participants"), of their right to privacy as protected by the Fourth Amendment of the United
States Constitution.

60. As Plaintiffs first learned of Defendants unlawful deprivation of their privacy
rights on February 20, 2009, complaints first filed in/or around November 2009, with the
appropriate agencies, this action has been commenced within §1983's applicable two-year statute
of limitations.

61. Defendants' conduct in remotely activating the gps signal in their phones, automobiles

and laptops complained of, which resulted in the deprivation of Plaintiffs' and the The affected

un-aware participants, constitutionary-protected rightun-aware participants"), 'constitutionally-

protected right
to privacy was intentional, extreme and outrageous, and thereby entitles Plaintiffs and the  The
affected un-aware participants"),to an award of punitive damages.

404965-14


**COUNT V** - INVASION OF
**PRIVACY (U.S. CONST. AMEND. IV)**

62. Plaintiffs repeat and re-allege each and every preceding allegation as if fully set
forth herein.

63. At a minimum, and pursuant to the Fourth Amendment of the United States
Constitution, U.S. CONST, amend. IV, Plaintiffs and The affected un-aware participants"),
members had a reasonable expectation of privacy with respect to the use of the gps signal in their
automobile and cell phone, embedded in the laptop computers issued by the companies that sold

30

the items.

64. In particular, Plaintiffs and The affected un-aware participants"), members were never informed that the gps signal incorporated into the plaintiff's' personal cell phones and or business cell phones, vehicles or laptop computers could be remotely activated by these companies and/or its agents, servants, workers or employees indiscriminately at the whim of Duke Energy, Charter Communications, Piedmont Natural Gas, Greenville Water System, AT&T, USA Government, SLED, EBI, and all other Defendant's named in this suit that such activation would naturally capture the locations of anyone the Plaintiff's rode with including The affected un-aware participants"),newer and older model cars equipped with gps, gps locator, gps inside of their business and or personal cell phones, business cell phones, automobiles or laptop from time of its ignition and or activation.

65. In as much as the personal laptop computers were used by Plaintiff's and their families, it is believed and therefore averred that the Defendant's has the

ability to and has captured signals and messages of Plaintiffs and The affected un-aware participants"), members without their permission and

authorization, all of which is personal and private and possibly embarrassing and humiliating.

66. As the laptops at purchase were routinely used by Plaintiff's and family members while at home, it is believed and therefore averred that many of the messages captured and intercepted may consist of messages privy only to Plaintiff's and their friends in compromising or embarrassing email messages and dialogue, including, but not limited to, in various levels of communication

404965-1 -15-

31

**COUNT VI - VIOLATION OF THE SOUTH CAROLINA WIRETAPPING AND ELECTRONIC SURVEILLANCE ACT (16 SC. E.C.S.A. § 2510, *ET SEO,*; 47 U.S.C. § 605**

61. Plaintiffs repeat and re-allege each and every preceding allegation as if fully set forth herein.

68. Section 2510 of the SCWESA states in pertinent part:

Except as otherwise provided in this chapter, a person is guilty of a felony of the third degree if he:

1) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, electronic or aural communication;

69. Section 2510 of the SCWESA defines "intercept" to include the "aural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." 47 SC. C.S.A. § 605.

70. Section 605 of the SCWESA defines "electronic communications" to include "any transfer of signs, signals, writing, images, transmitted in whole or in part by a wire, radio, electromagnetic, photo electronic or photo optical system...." 47 SC. C.S.A. § 605.

71. Section 605 of the SCWESA defines "person" as "any employee, or agents of the United States or any state or political subdivision thereof...." 47 SC. C.S.A. § 605.

72. Pursuant to § 605 of the SCWESA, Defendants are "persons" within the meaning of the Act, and Defendants' conduct with respect to the gps devices complained of constitutes an interception of electronic communications violative of the SCWESA.

73. Pursuant to § 605 of the SCWESA: Any person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall have

32

a civil cause of action against any person who intercepts, disclosesor uses or procures any other

person to intercept, disclose or use, such communication; and shall be entitled to recover from

any such person:  404965-1 -16-

1) Actual damages, but not less than liquidated damages computed at the rate of $100.00
a day for each day of violation, or $1,000.00, whichever is higher.

2) Punitive damages.

3) A reasonable attorney's fee and other litigation costs
reasonably incurred.

## COUNT VII-VIII - EXTENSIVE INVASION OF

## PRIVACY:  SOUTHCAROLINA COMMON LAW1 AND CONVERSION –INVASION

## OF RIGHTS OF ANOTHER

74. Plaintiffs repeat and re-allege each and every preceding allegation as if fully set

forth herein.

75. At all times material hereto, and pursuant to the common law of South Carolina,

Plaintiffs and all members of The affected un-aware participants"), had a reasonable expectation

of privacy with respect to the operation of the cell phones, business cell phones, automobiles, ad

computer laptops complained of.

76. Plaintiffs and " The affected un-aware participants"), members were never informed of

Defendants, capability and practice of remotely activating the gps signals and laptops

complained of.

33

77. As the laptops, cell phones and automobiles at issue were routinely used by the Plaintiff's and (" The affected un-aware participants"), their friends and family members while at home, and at work it is believed and therefore averred that many of the phone & text messages, e-mail messagess captured and/or intercepted consist of private communications amongst friends and family and/or n compromising communications and pictures of an embarrassing nature, including, but not limited to, all other transmissions.

404965-1 -17-

## COUNT VIX
## VIOLATION OF THE CABLE COMMUNICATIONS PRIVACY ACT
## 47 U.S.C. 551

Plaintiffs repeat and re-allege each and every allegation above as if fully set forth herein.

Plaintiffs and ("The affected un-aware participants"), assert this Count against all Defendants, jointly and severally, pursuant to §551 of the VCCPA 47 U. S. C. 551

In General

Every telecommunications carrier has a duty to protect the

confidentiality of proprietary information of, and relating to,

other telecommunication carriers, equipment manufacturers, and

customers, including telecommunication carriers reselling

telecommunications services provided by a telecommunications

carrier.

(b) Confidentiality of carrier information

A telecommunications carrier that receives or obtains proprietary

information from another carrier for purposes of providing any

telecommunications service shall use such information only for such

34

purpose, and shall not use such information for its own marketing efforts.

(c) Confidentiality of customer proprietary network information

(1) Privacy requirements for telecommunications carriers

Except as required by law or with the approval of the customer, a telecommunications carrier that receives or obtains customer proprietary network information by virtue of its provision of a telecommunications service shall only use, disclose, or permit access to individually identifiable customer proprietary network information in its provision of (A) the telecommunications service from which such information is derived, or (B) services necessary to, or used in, the provision of such telecommunications service, including the publishing of directories.

(2) Disclosure on request by customers

A telecommunications carrier shall disclose customer proprietary network information, upon affirmative written request by the customer, to any person designated by the customer.

(3) Aggregate customer information

A telecommunications carrier that receives or obtains customer proprietary network information by virtue of its provision of a telecommunications service may use, disclose, or permit access to aggregate customer information other than for the purposes

35

described in paragraph

(1). A local exchange carrier may use,

disclose, or permit access to aggregate customer information

other than for purposes described in paragraph (1) only if it

provides such aggregate information to other carriers or persons

on reasonable and nondiscriminatory terms and conditions upon

reasonable request therefor.

404965-1 -18-

## COUNT X
## VIOLATION OF THE COMMUNICATIONS ASSISTANCE FOR LAW ENFORCEMENT 47 U.S.C. 1001

Plaintiffs repeat and re-allege each and every allegation above as if fully set forth herein.

Plaintiffs and ("The affected un-aware participants"), assert this Count against all Defendants, jointly and severally, pursuant to §1001 of the VCALE 47 U.S.C. 1001

(1) The terms defined in section 2510 of title 18 have, respectively, the meanings stated in that section.

(2) The term "call-identifying information" means dialing or signaling information that identifies the origin, direction, destination, or termination of each communication generated or received by a subscriber by means of any equipment, facility, or service of a telecommunications carrier.

(3) The term "Commission" means the Federal Communications Commission.

(4) The term "electronic messaging services" means software-based services that enable the sharing of data, images, sound, writing, or other information among computing devices controlled by the senders or recipients of the messages.

3 6

(5) The term "government" means the government of the United States and any agency or instrumentality thereof, the District of Columbia, any commonwealth, territory, or possession of the United States, and any State or political subdivision thereof authorized by law to conduct electronic surveillance.

(6) The term "information services"—

(A) means the offering of a capability for generating, acquiring, storing, transforming, processing, retrieving, utilizing, or making available information via telecommunications; and

(B) includes—

(i) a service that permits a customer to retrieve stored information from, or file information for storage in, information storage facilities;

(ii) electronic publishing; and

(iii) electronic messaging services; but

(C) does not include any capability for a telecommunications carrier's internal management, control, or operation of its telecommunications network.

(7) The term "telecommunications support services" means a product, software, or service used by a telecommunications carrier for the internal signaling or switching functions of its telecommunications network.

(8) The term "telecommunications carrier"—

(A) means a person or entity engaged in the transmission or switching of wire or electronic communications as a common carrier for hire; and

(B) includes—

(i) a person or entity engaged in providing commercial mobile service (as defined in section 332 (d) of this title); or

**(ii)** a person or entity engaged in providing wire or electronic communication switching or transmission service to the extent that the Commission finds that such service is a replacement for a substantial portion of the local telephone exchange service and that it is in the public interest to deem such a person or entity to be a telecommunications carrier for purposes of this subchapter; but

**(C)** does not include—

**(i)** persons or entities insofar as they are engaged in providing information services; and

**(ii)** any class or category of telecommunications carriers that the Commission exempts by rule after consultation with the Attorney General.

404965-1-19-

## COUNT XI

## VIOLATION OF THE CUSTOMER PROPRIETARY NETWORK INFORMATION ACT 47 U.S.C. 222

Plaintiffs repeat and re-allege each and every allegation above as if fully set forth herein.

Plaintiffs and ("The affected un-aware participants"), assert this Count against all Defendants, jointly and severally, pursuant to §222 of the VCPNIA 47 U.S. C. 222

(a) In general

Every telecommunications carrier has a duty to protect the

confidentiality of proprietary information of, and relating to,

other telecommunication carriers, equipment manufacturers, and

customers, including telecommunication carriers reselling

telecommunications services provided by a telecommunications

carrier.

(b) Confidentiality of carrier information

38

A telecommunications carrier that receives or obtains proprietary information from another carrier for purposes of providing any telecommunications service shall use such information only for such purpose, and shall not use such information for its own marketing efforts.

(c) Confidentiality of customer proprietary network information

(1) Privacy requirements for telecommunications carriers

Except as required by law or with the approval of the customer, a telecommunications carrier that receives or obtains customer proprietary network information by virtue of its provision of a telecommunications service shall only use, disclose, or permit access to individually identifiable customer proprietary network information in its provision of (A) the telecommunications service from which such information is derived, or (B) services necessary to, or used in, the provision of such telecommunications service, including the publishing of directories.

(2) Disclosure on request by customers

A telecommunications carrier shall disclose customer proprietary network information, upon affirmative written request by the customer, to any person designated by the customer.

(3) Aggregate customer information

A telecommunications carrier that receives or obtains customer

39

proprietary network information by virtue of its provision of a

telecommunications service may use, disclose, or permit access to

aggregate customer information other than for the purposes

described in paragraph (1). A local exchange carrier may use,

disclose, or permit access to aggregate customer information

other than for purposes described in paragraph (1) only if it

provides such aggregate information to other carriers or persons

on reasonable and nondiscriminatory terms and conditions upon

reasonable request therefor.

(d) Exceptions

Nothing in this section prohibits a telecommunications carrier

from using, disclosing, or permitting access to customer

proprietary network information obtained from its customers, either

directly or indirectly through its agents -

(1) to initiate, render, bill, and collect for

telecommunications services;

(2) to protect the rights or property of the carrier, or to

protect users of those services and other carriers from

fraudulent, abusive, or unlawful use of, or subscription to, such

services;

(3) to provide any inbound telemarketing, referral, or

administrative services to the customer for the duration of the

call, if such call was initiated by the customer and the customer



approves of the use of such information to provide such service;
and

(4) to provide call location information concerning the user of
a commercial mobile service (as such term is defined in section
332(d) of this title) -

(A) to a public safety answering point, emergency medical
service provider or emergency dispatch provider, public safety,
fire service, or law enforcement official, or hospital
emergency or trauma care facility, in order to respond to the
user's call for emergency services;

(B) to inform the user's legal guardian or members of the
user's immediate family of the user's location in an emergency
situation that involves the risk of death or serious physical
harm; or

(C) to providers of information or database management
services solely for purposes of assisting in the delivery of
emergency services in response to an emergency.

(e) Subscriber list information

Notwithstanding subsections (b), (c), and (d) of this section, a
telecommunications carrier that provides telephone exchange service
shall provide subscriber list information gathered in its capacity
as a provider of such service on a timely and unbundled basis,
under nondiscriminatory and reasonable rates, terms, and

41

conditions, to any person upon request for the purpose of
publishing directories in any format.

(f) Authority to use wireless location information

For purposes of subsection (c)(1) of this section, without the
express prior authorization of the customer, a customer shall not
be considered to have approved the use or disclosure of or access
to -

(1) call location information concerning the user of a
commercial mobile service (as such term is defined in section
332(d) of this title), other than in accordance with subsection
(d)(4) of this section; or

(2) automatic crash notification information to any person
other than for use in the operation of an automatic crash
notification system.

(g) Subscriber listed and unlisted information for emergency
services

Notwithstanding subsections (b), (c), and (d) of this section, a
telecommunications carrier that provides telephone exchange service
shall provide information described in subsection (i)(3)(A) (!1) of
this section (including information pertaining to subscribers whose
information is unlisted or unpublished) that is in its possession
or control (including information pertaining to subscribers of
other carriers) on a timely and unbundled basis, under

nondiscriminatory and reasonable rates, terms, and conditions to

providers of emergency services, and providers of emergency support

services, solely for purposes of delivering or assisting in the

delivery of emergency services.

(h) Definitions

As used in this section:

(1) Customer proprietary network information

The term "customer proprietary network information" means -

(A) information that relates to the quantity, technical

configuration, type, destination, location, and amount of use

of a telecommunications service subscribed to by any customer

of a telecommunications carrier, and that is made available to

the carrier by the customer solely by virtue of the carrier-

customer relationship; and

(B) information contained in the bills pertaining to

telephone exchange service or telephone toll service received

by a customer of a carrier;

except that such term does not include subscriber list

information.

(2) Aggregate information

The term "aggregate customer information" means collective data

that relates to a group or category of services or customers,

from which individual customer identities and characteristics

43

have been removed.

(3) Subscriber list information

The term "subscriber list information" means any information -

(A) identifying the listed names of subscribers of a carrier

and such subscribers' telephone numbers, addresses, or primary

advertising classifications (as such classifications are

assigned at the time of the establishment of such service), or

any combination of such listed names, numbers, addresses, or

classifications; and


404965-1 -20-

## COUNT XII
## VIOLATION OF THE DRIVERS PRIVACY PROTECTION ACT
## 18 U.S.C. 2721

Plaintiffs repeat and re-allege each and every allegation above as if fully set forth herein.

Plaintiffs and ("The affected un-aware participants"), assert this Count against all Defendants,

jointly and severally, pursuant to §2721 of the VDPPA 18 U.S.C. 2721.

Prohibition On Release And Use Of Certain Personal Information From State Motor Vehicle Records.

    (a) IN GENERAL.--

    Except as provided in subsection (b), a State department of motor vehicles, and any officer,

    employee, or contractor, thereof, shall not knowingly disclose or otherwise make available to any

    person or entity personal information about any individual obtained by the department in

    connection with a motor vehicle record.

    (b) PERMISSIBLE USES.--

u4

Personal information referred to in subsection (a) shall be disclosed for use in connection with matters of:

- motor vehicle or driver safety and theft,

- motor vehicle emissions,

- motor vehicle product alterations, recalls, or advisories,

- performance monitoring of motor vehicles and dealers by motor vehicle manufacturers,

- and removal of non-owner records from the original owner records of motor vehicle manufacturers to carry out the purposes of the Automobile Information Disclosure Act, the Motor Vehicle Information and Cost Saving Act, the National Traffic and Motor Vehicle Safety Act of 1966, the Anti-Car Theft Act of 1992, and the Clean Air Act, and may be disclosed as follows:

> (1) For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.

> (2) For use in connection with matters of:

>> - motor vehicle or driver safety and theft,

>> - motor vehicle emissions,

>> - motor vehicle product alterations, recalls, or advisories,

>> - performance monitoring of motor vehicles, motor vehicle parts and dealers,

>> - motor vehicle market research activities, including survey research, and removal of non-owner records from the original owner records of motor vehicle manufacturers.



(3) For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only --

> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

> (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual.

(4) For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgements and orders, or pursuant to an order of a Federal, State, or local court.

(5) For use in research activities, and for use in producing statistical reports, so long as the personal information is not published, redisclosed, or used to contact individuals.

(6) For use by any insurer or insurance support organization, or by a self-insured entity, or its agents, employees, or contractors, in connection with claims investigation activities, antifraud activities, rating or underwriting.

(7) For use in providing notice to the owners of towed or impounded vehicles.

(8) For use by any licensed private investigative agency or licensed security service for any purpose permitted under this subsection.

(9) For use by an employer or its agent or insurer to obtain and verify information relating to a holder of a commercial driver's license that is required under the Commercial Motor Vehicle Safety Act of 1986 (49 U.S.C. App. 2710 et seq.).



(10) For use in connection with the operation of private toll transportation facilities.

(11) For any other use in response to requests for individual motor vehicle records if the motor vehicle department has provided in a clear and conspicuous manner on forms for issuance or renewal of operator's permits, titles, registrations, or identification cards, notice that personal information collected by the department may be disclosed to any business or person, and has provided in a clear and conspicuous manner on such forms an opportunity to prohibit such disclosures.

(12) For bulk distribution for surveys, marketing or solicitations if the motor vehicle department has implemented methods or procedures to ensure that --

    (A) individuals are provided an opportunity, in a clear and conspicuous manner, to prohibit such uses: and

    (B) the information will be used, rented, or sold solely for bulk distribution for surveys, marketing, and solicitations, and that surveys, marketing, and solicitations will not be directed at those individuals who have requested in a timely fashion that they not be directed at them.

(13) For use by any requester, if the requester demonstrates it has obtained the written consent of the individual to whom the information pertains.

(14) For any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety.

(c) RESALE OR DISCLOSURE. --

    An authorized recipient of personal information (except a recipient under subsection (b) (11) or (12) may resell or redisclose the information only for a use permitted under subsection (b) (but not for uses under subsection (b) (11) or (12)). An authorized recipient



under subsection (b) (11) may resell or redisclose personal information for any purpose. An authorized recipient under subsection (b) (12) may resell or redisclose personal information pursuant to subsection (b) (12). Any authorized recipient (except a recipient under subsection (b) (11)) that resells or rediscloses personal information by this title must keep for a period of five years records identifying each person or entity that receives information and the permitted purpose for which the information will be used and must make such records available to the motor vehicle department upon request.

(d) WAIVER PROCEDURES.--

A State motor vehicle department may establish and carry out procedures under which the department or its agents, upon receiving a request for personal information that does not fall within one of the exceptions in subsection (b), may mail a copy of the request to the individual about whom the information was requested, informing such individual of the request, together with a statement to the effect that the information will not be released unless the individual waives such individual's right to privacy under this section.

## SECTION 2722. ADDITIONAL UNLAWFUL ACTS

(a) PROCUREMENT FOR UNLAWFUL PURPOSE --

It shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721 (b) of this title.

(b) FALSE REPRESENTATION. --

It shall be unlawful for any person to make false representation to obtain any personal information from an individual's motor vehicle record.

## SECTION 2723. PENALTIES

(a) CRIMINAL FINE --

A person who knowingly violates this chapter shall be fined under this title.

(b) VIOLATIONS BY STATE DEPARTMENT OF MOTOR VEHICLES. --

48

Any State department of motor vehicles that has a policy or practice of substantial noncompliance with this chapter shall be subject to a civil penalty imposed by the Attorney General of not more than $5,000 a day for each substantial noncompliance.

SECTION 2724. CIVIL ACTION

(a) CAUSE OF ACTION. --

A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.

(b) REMEDIES.--

The court may award --

(1) actual damages, but not less than liquidated damages in the amount of $2,500;

(2) punitive damages upon proof of willful or reckless disregard of the law;

(3) reasonable attorneys' fees or other litigation costs reasonably incurred; and

(4) such other preliminary and equitable relief as the court determines to be appropriate.

SECTION 2725. DEFINITIONS.

IN THIS CHAPTER --

(1) 'MOTOR VEHICLE RECORD' means any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles;

(2) 'PERSON' means an individual, organization or entity, but does not include a State or agency thereof, and;

49

(3) 'PERSONAL INFORMATION' means information that identifies an individual, including an individual's:

- photograph,

- social security number,

- driver identification number,

- name,

- address (but not 5-digit zip code),

- telephone number, and

- medical or disability information,

but does not include information on:

- vehicular accidents,

- driving violations, and

- driving status.'.

(b) CLERICAL AMENDMENT. — The table of parts at the beginning of part I of title 18, United States Code, is amended by adding at the end the following new item:

"123. Prohibition on release and use of certain personal information from state motor vehicle records.....................2271"

SECTION 300003. EFFECTIVE DATE.

The amendments made by section 300002 shall become effective on the date that is three years after the date of enactment of this Act.

After the effective date, if a state has implemented a procedure under section 2721 (b) (11) and (12) of title 18, United States Code, as added by section 2902, for prohibiting disclosures or uses of personal information, and the procedure otherwise meets the requirements of subsection (b) (11) and (12), the State shall be in compliance with subsection (b) (11) and (12) even if the



procedure is not available to individuals until they renew their license, title, registration or identification card, so long as the State provides some other procedure for individuals to contact the State on their own initiative to prohibit such uses or disclosures.

Prior to the effective date, personal information covered by the amendment made by section 300002 may be released consistent with State law or practice.

404965-1-21

WHEREFORE, Plaintiffs, Bridgette Neal, and ( " The affected un-aware participants"),

all members of the complaint and suit, request judgment in their favor, permanent injunction against further stalking and harassment, immediate cease and decist order and against Defendants, Duke Energy, Charter Communications, Direct TV, AT&T, Piedmont Natural Gas, Greenville Water System, USA Government, SLED, FBI, and all of the 50 Plus States of the United States of America, as these companies have unlimited individual and independent contractors at their disposal.   County Wide, Statewide, CityWide and all departmental employees both private and personal, on and off duty security contractors, jointly and severally, as follows:

1) for compensatory damages;

' Should discovery disclose that Defendants have shared private information such as minute by minute whereabouts of the Plaintiff's, or video of the Plaintiff's are indisposed of in any manner, constituting invasion of privacy, breach of privacy or unlawful peeping  within the meaning of 18 Pa. C.S.A. §6312, *et. seq.,* Plaintiffs will amend this Complaint to assert a cause of action there under.

1) for actual damages;

5

2) for punitive damages;

3) for liquidated damages pursuant to the SCWESA;

4) for attorneys' fees and costs;

5) for declaratory and injunctive relief; and

6) for such other and further relief as this Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues for which a right to jury trial exists.

**Bridgette Neal Prose**- P. O. Box 9612, Greenville, SC. 29604

Attorneys for **Plaintiffs and the Class**

DATED: 6-9-2011

404965-1-22

58

## IV. RELIEF.

*State briefly and exactly what you want this court to do for you.*

Monetary, Permanent Injunction Against Sued Further Actions.

Cease + Desist Order to be granted. GAG ORDER!

Unless other satisfactory negotiations are reached.

Filed Against US, because so many States are involved.

I Can Prove my case with photos, Tag numbers etc.

***I declare under penalty of perjury that the foregoing is true and correct.***

Signed this ___9th___ day of ___June___, 20_11_

_____
*Signature of Plaintiff*