IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Bridgette T. Neal, | ) | |
| | ) | C.A. No. 6:11-1420-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| Duke Energy, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      This matter is a civil action filed by a *pro se* litigant, Bridgette T. Neal (Neal), appearing *in forma pauperis*. The case is before the court for review of the Report and Recommendation (Report) of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina, which recommends dismissing Neal's complaint without prejudice.[1] (Dkt. No. 20.) The court adopts the Report and dismisses the complaint without prejudice and without issuance and service of process.

      In the complaint, Neal seeks damages and injunctive relief against over 200 defendants for numerous federal and state law violations. (Dkt. No. 1.) As the magistrate judge noted in his Report, Neal's "factual allegations are frankly frivolous" and "fanciful and delusional." (Dkt. No. 20 at 7.) As such, the court will not recite the allegations contained in the complaint. The magistrate judge ultimately recommended dismissing the complaint for frivolousness, lack of

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

jurisdiction, immunity, and failure to state a claim upon which relief could be granted. (*Id*. at 8)

Neal timely filed objections, which included a single specific objection. (Dkt. No. 25 at 2.) Neal objected to the magistrate judge's recommendation to dismiss her case, in part, for noncompliance with the requirements of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675 and 28 C.F.R. § 14.2, by failing to exhaust administrative remedies prior to filing suit in the district court. (Dkt. No. 20 at 4–5.) *See Henderson v. United States*, 785 F.2d 121, 123–124 (4th Cir. 1986) (stating that a claim against an agency may not be pursued in federal court until after denial by the agency). She states in her objection that she has subsequently filed Form 95 "with the appropriate federal agency," but neglects to state to which agency she submitted the form. (Dkt. No. 25 at 2.) To the extent that Neal properly complies with the FTCA and exhausts her administrative remedies in the future, she is free to refile her complaint then.

The remainder of Neal's objections consist of repetition of her original allegations, along with additional incoherent statements. The magistrate judge ably considered and rejected these allegations in his comprehensive and well-reasoned report. The court agrees with the magistrate judge's conclusions and his rationale and declines to address Neal's contentions a second time here. *See United States v. Midgette*, 478 F.3d 616 (4th Cir. 2007) ("[A] party . . . waives a right to appellate review of particular issues by failing to file timely objections specifically directed to those issues.").

Therefore, after a thorough review of the record and Report according to the standard set forth in this order, the court finds Neal's objections are without merit and adopts the Report. (Dkt. No. 20.) Pursuant to 28 U.S.C. § 1915(e)(2)(B), it is therefore

**ORDERED** that Neal's complaint is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

Greenville, South Carolina
October 26, 2011

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that she has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.